**Matseliso MAKEKA, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 04–3463–ag.**

United States Court of Appeals, Second Circuit.

Aug. 29, 2006.

Matseliso Makeka, pro se, Columbus, OH, for Appellant.

William J. Knapp, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner, a native of South Africa, petitions for review of a June 2, 2004 order of the Board of Immigration Appeals ("BIA") affirming a March 25, 2003 decision of Immigration Judge ("IJ") Michael W. Straus ordering her removed in the event she failed to depart voluntarily. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Makeka was admitted to the United States as a non-immigrant visitor on June 4, 2000. She was required to leave the United States on December 3, 2000, but never did and instead remained here illegally. On March 5, 2002, the Immigration and Naturalization Service [1] commenced removal proceedings against Makeka in Pittsburgh, Pennsylvania, contending that she was removable pursuant to 8 U.S.C. § 1227(a)(1)(B). On September 20, 2002, Makeka moved for a change of venue to Connecticut, and her motion was granted in an order dated September 27, 2002. On December 3, 2002, Makeka appeared with counsel for a removal hearing, but requested a continuance to submit pleadings, which was granted until March 25, 2003.

On March 25, 2003, Makeka's counsel requested a brief adjournment to submit pleadings, and the IJ granted the request. When the hearing was recommenced later

---

1. "On March 1, 2003, the Immigration and Naturalization Service was reconstituted as the Bureau of Immigration and Customs Enforcement and the Bureau of U.S. Citizenship and Immigration Services, both within the Department of Homeland Security." *Sall v. Gonzales*, 437 F.3d 229, 231 n. 4 (2d Cir. 2006).

that day, Makeka claimed that her mother, who was purportedly a United States citizen, had filed a visa petition on her behalf in April 2001. Makeka's mother was not at the hearing and Makeka acknowledged that she had no evidence that the petition, which supposedly remained unadjudicated, had been filed. At the conclusion of the hearing, the IJ ordered Makeka to voluntarily depart, or, if she failed to do so, to be removed to South Africa.[2]

In connection with her petition to this Court, Makeka argues that (1) she was denied effective assistance of counsel because her lawyer, *inter alia*, failed to file a timely brief in support of her appeal to the BIA; (2) her circumstances have changed because she has gotten divorced and re-married, and her new husband has filed an I–130 petition on her behalf, which has been approved; and (3) the "deportation proceedings violated [her] constitutional right to a fair hearing," Pet'r's Br. at 6, because the IJ failed to adjudicate her request for adjustment of status based on the visa petition that her mother had allegedly filed on her behalf.

■ We are unable to review Makeka's contention that she was denied effective assistance of counsel because she has failed to demonstrate compliance with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), *petition for review denied*, 857 F.2d 10 (1st Cir.1988).[3] *See Garcia–Martinez v. Dep't*

---

**2.** Makeka's counsel also sought a continuance so that Makeka's U.S. citizen husband—whom Makeka had allegedly married the day immediately preceding the hearing, but who was not in attendance at the hearing—could file a marriage-based I–130 visa petition. Counsel explained that Makeka "will be filing the I–130 imminently, and we will get the I–130 adjudicated expeditiously." Tr. of Hr'g, Dec. 3, 2002, at 11. Counsel further noted that "[i]f this Court sets the matter down for a merits hearing, we will be able to submit the documented testimony with a plethora of witnesses who will, literally, it would be a cloud of witnesses, if I may play my hand, who will attest to the fact that this is a legitimate marriage." *Id.*

The government opposed the continuance, and the IJ denied the continuance in the exercise of his discretion. Makeka's counsel moved the Court to "reopen and reconsider its decision" because, by denying the continuance, the Court purportedly precluded Makeka from presenting "documentary, certified evidence as to the existence of the marriage." *Id.* at 14.

Before this court, Makeka has not asserted any argument concerning the denial of the continuance, and we therefore deem the issue waived. *See Qiu v. Ashcroft*, 329 F.3d 140, 156 (2d Cir.2003). In any event, it is evident from the record that the IJ did not abuse his considerable discretion in denying Makeka's request for a continuance. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir.2006);

*Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir.2006). Makeka's removal proceedings had been pending for approximately a year. Her then-new husband—whom she has since divorced—was not in attendance at the hearing and had not yet filed a visa petition on her behalf. Under the circumstances, it was not an abuse of discretion for the IJ to deny a continuance. *See In re Garcia*, 16 I. & N. Dec. 653, 657, 1978 WL 36464 (BIA 1978) ("It clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance ... upon his determination that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition."), *modified on other grounds by In re Arthur*, 20 I. & N. Dec. 475, 1992 WL 195807 (BIA 1992).

**3.** As we have explained:

> Under *Lozada*, an applicant who claims ineffective assistance of counsel must submit (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the applicant notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the applicant has

*of Homeland Sec.*, 448 F.3d 511, 513 (2d Cir.2006) (explaining that an alien "who has failed to comply substantially with the *Lozada* requirements . . . forfeits [his] ineffective assistance of counsel claim in this Court" (internal quotation marks omitted)); *see also Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005) ("[T]he BIA should consider ineffectiveness claims in the first instance in order to avoid any premature interference with the agency's processes," and "review on the merits [before this Court] may be conditioned on substantial compliance with the requirements set forth in *Lozada.*" (internal quotation marks omitted)); *Arango–Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir.1994) ("[C]laims regarding . . . allegedly ineffective assistance of counsel must first be presented to the BIA, either on direct appeal *or through a motion to reopen.*" (emphasis added)).

 In addition, petitioner failed to assert to the BIA her argument that the circumstances of her case have changed. Accordingly, the government contends that the issue is not properly preserved for our review, and we agree. *See* 8 U.S.C. § 1252(d)(1) (allowing a court to review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) ("[W]e require '[p]etitioner to raise *issues* to t,he BIA in order to preserve them for judicial review.'" (quoting *Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir. 2003)) (emphasis and second alteration in original)); *see also Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 119 (2d Cir.2006) (explaining that as a prudential matter "our circuit applies an issue exhaustion doctrine to petitions for review from the BIA").

 We are unpersuaded by Makeka's argument that her hearing was unfair because "[t]he petition that [her] mother filed on [her] behalf was not addressed." Pet'r's Br. at 6. Makeka admitted that she did not have proof of the petition filed by her mother and that at the time of the hearing the petition had yet to be adjudicated. Makeka "was not[, therefore,] eligible for adjustment of status, and [she] had no right to yet another delay in the proceedings so that [she] could attempt to become eligible for such relief." *Morgan v. Gonzales*, 445 F.3d 549, 552 (2d Cir. 2006); *see also* 8 U.S.C. § 1255(a) (requiring an alien have "an immigrant visa . . . immediate available to him at the time his application is filed" to qualify for adjustment of status). Furthermore, "[p]etitioner points to nothing in the record suggesting that she was denied a full and fair opportunity to present her claims; nor has she established that the IJ or BIA otherwise deprived her of fundamental fairness." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir.2006).

We DISMISS the petition to the extent Makeka contends that her counsel was ineffective and that her circumstances have changed. We DENY the petition to the extent that she argues that there was fundamental unfairness in her proceedings. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

*Garcia–Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 512 n. 1 (2d Cir.2006).

---

filed a complaint regarding counsel's conduct with the appropriate disciplinary authorities and, if a complaint has not been filed, an explanation for not doing so. *Lozada*, 19 I. & N. Dec. at 639.