## MATTER OF GARCIA

### In Deportation Proceedings

### A-20066063

*Decided by Board December 27, 1978*

(1) Rule that reopening of proceedings will be denied absent a prima facie showing that the statutory requirements for relief have been met must be reexamined as to adjustment of status in view of the amendment of 8 C.F.R. 245.2(a)(2) permitting an adjustment application, filed with a visa petition, to be retained if later approval of the petition would make a visa available at time of filing.

(2) 8 C.F.R. 245.2(a)(2), permitting simultaneous filing of an application for adjustment of status and a visa petition, applies both before and after the issuance of an Order to Show Cause.

(3) Service policy permits a prima facie qualified beneficiary of a visa petition to remain in the United States pending final adjudication of the petition and an adjustment application.

(4) Unless clear ineligibility is apparent in the record, the Board shall generally grant motions to reopen in cases involving an application for adjustment of status filed simultaneously with a visa petition pursuant to 8 C.F.R. 245.2(a)(2), notwithstanding the fact that the petition has not yet been adjudicated.

(5) An immigration judge may, in his discretion, grant a motion to reopen or a request for a continuance of a deportation hearing pending final adjudication of a visa petition filed simultaneously with an adjustment application under 8 C.F.R. 245.2(a)(2) where a prima facie approvable visa petition and adjustment application have been submitted to him. *Matter of Kotte*, Interim Decision 2634 (BIA 1978) clarified.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT: Claude Henry Kleefield, Esquire
Suite 1406-1414
1860 Broadway
New York, New York 10023

BY: Milhollan, Chairman, Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated June 6, 1978, the Board dismissed an appeal from the October 17, 1977, decision of an immigration judge which found three respondents deportable as overstays pursuant to section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), denied their

applications for suspension of deportation pursuant to section 244(a)(1) of the Act, 8 U.S.C. 1254(a)(1), but granted them the privilege of voluntary departure in lieu of deportation. The male respondent, who will hereafter be referred to as the respondent, now moves to reopen the deportation proceedings to permit him to apply for adjustment of status pursuant to section 245 of the Act, 8 U.S.C. 1255. The motion will be granted.

In order to qualify for adjustment of status under section 245, as amended,[1] an alien must apply for adjustment, establish that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and that an immigrant visa is immediately available to him at the time his application is filed. We have held that absent a prima facie showing that the statutory requirements for the relief sought have been met, reopening of the proceedings is generally inappropriate. See *Matter of Lam*, 14 I. & N. Dec. 98 (BIA 1972); *Matter of Sipus*, 14 I. & N. Dec. 229 (BIA 1972).

The respondent's motion to reopen for consideration of his application for adjustment of status [2] is predicated upon a visa petition filed by his United States citizen spouse to accord him immediate relative status under section 201(b) of the Act, 8 U.S.C. 1151(b). The visa petition, which was filed simultaneously with the respondent's adjustment application pursuant to amended regulation 8 C.F.R. 245.2(b)(2), has not yet been approved and the respondent consequently cannot at present establish immediate visa availability, a statutory prerequisite to a grant of section 245 relief.

We have examined our policy with respect to the disposition of motions to reopen for consideration of adjustment applications based upon as yet unadjudicated visa petitions in light of the present regulation permitting simultaneous filing. In order to give what we consider to be appropriate effect to the simultaneous filing provisions of 8 C.F.R. 245.2(a)(2), as amended, we shall hereafter generally reopen the deportation proceedings in such cases unless clear ineligibility is apparent in the record.

The 1976 Amendments to the Act amended section 245 to designate the date the adjustment application is filed, rather than the date it is approved, as the date to be used in determining whether a visa is immediately available. Concomitant with the effective date of the amendment to the statute, the Service amended its regulation 8 C.F.R. 245.2(a)(2) to allow an adjustment application filed simultaneously with a visa petition to be retained for processing provided that the

---

[1] 1976 Amendments to the Immigration and Nationality Act, Pub. L. 94-571, 90 Stat. 2703 (effective January 1, 1977).

[2] Under 8 C.F.R. 242.22, the filing of an application for adjustment of status may be considered a motion to reopen.

subsequent approval of the petition would make a visa immediately available at the time the adjustment application is filed. The amended regulation provides in pertinent part:

(2) *Filing application.* Before an application for adjustment of status under section 245 of the Act may be considered properly filed, a visa must be immediately available. If a visa would be immediately available only upon approval of a visa petition, the application will not be considered properly filed unless such petition has first been approved. *If a visa petition is submitted simultaneously with the adjustment application, the adjustment application shall be retained for processing only if approval of the petition when reached for adjudication would make a visa immediately available at the time of filing of the adjustment application. If such petition is subsequently approved, the date of filing the adjustment application shall be deemed the date which the accompanying petition was filed.* (Emphasis supplied.)

In order for an alien's adjustment application to be accepted for processing under the simultaneous filing provisions of 8 C.F.R. 245.2(a)(2), he must establish, *inter alia,* that a visa would be immediately avilable to him at the time of filing but for the fact that his visa petition has not yet been approved. By deeming the filing date of the adjustment application to be the date the accompanying petition is filed, the amended regulation insures that the beneficiary of a prima facie approvable visa petition, who is subsequently found to have been fully qualified in fact for adjustment of status at the time of simultaneous filing, will not lose his eligibility by virtue of the fact that visa numbers may no longer be available to him by the time his petition is approved and his adjustment application may accordingly be considered properly filed. Thus, the regulation allows an otherwise qualified applicant to preserve immediate visa availability and, hence, eligiblity for adjustment of status throughout the often protracted period of administrative processing. It is evident that the benefit bestowed by the regulation would be illusory were such alien to become or remain subject to the execution of an order of deportation during the processing period.

It has been suggested that the simultaneous filing provisions of 8 C.F.R. 245.2(a)(2) were designed to apply only where the visa petition and adjustment application are submitted to the District Director prior to the institution of deportation proceedings. We find that neither the language of the regulation itself nor policy considerations support an interpretation which would render the regulation nugatory after an Order to Show Cause has been issued and we decline to adopt such a restrictive interpretation. Such interpretation, moreover, appears to have been rejected by the Service as a matter of policy.

Subsequent to the effective date of the amendments to the statute and the regulations, the Service adopted a policy of refraining from either deporting or instituting proceedings against the beneficiary of a prima facie approvable visa petition if approval of the petition would make the beneficiary immediately eligible for adjustment of status. Immigration

and Naturalization Service Operations Instructions 242.1(a)(25) and 245.1(a).[3] The normal procedure, then, where such petition and adjustment application have been accepted for processing by the District Director prior to the issuance of an Order to Show Cause, is to hold the adjustment application in abeyance pending final adjudication of the visa petition. By virtue of Operations Instruction 242.1(a)(25), an Order to Show Cause will not ordinarily be issued in the meantime.

The Instruction is not, however, limited to cases in which the visa petition and adjustment application are submitted to the District Director prior to the institution of deportation proceedings but, rather, proscribes as well the *deportation* of a beneficiary of an unadjudicated visa petition who has made a colorable showing of eligibility for adjustment of status on the basis of his claimed preference status. Thus, it is clear from the express language of Operations Instruction 242.1(a)(25) that its underlying policy of allowing a prima facie qualified beneficiary of a visa petition to remain in the United States pending final adjudication of the petition and adjustment application was intended to apply to an alien who, although indisputably deportable, can demonstrate a substantial claim to relief from deportation under section 245 of the Act.

In *Matter of Kotte*, Interim Decision 2634 (BIA 1978), a case which dealt with the same issue in a different procedural context, we held that notwithstanding the foregoing changes in the statute and the regulations, an alien does not have an absolute right to an adjournment of a deportation hearing until such time as the visa petition upon which his adjustment application is predicated has been adjudicated. Implicit in our holding, however, is the corollary proposition that an immigration judge may, in his discretion, grant a continuance or reopen a deportation hearing pending final adjudication of the petition. For the reasons that led us to our conclusion that a motion to reopen for consideration of

---

[3] Operations Instruction 242.1(a) states:

(25) See OI 245.1(a) before issuing an order to show cause against an alien who may be eligible to apply for adjustment of status.

Pending final adjudication of a petition which has been filed, the district director will not deport, or institute proceedings against, the beneficiary of the petition if approval of the petition would make the beneficiary immediately eligible for adjustment of status under section 245 of the Act or for voluntary departure under the Service policy set forth in Operations Instruction 242.10(a)(6)(i). The district director may, however, seek to deport or institute proceedings against the beneficiary when it is determined that the petition is frivolous or there are substantial adverse factors which, based on the district director's opinion, would probably lead to the denial of adjustment of status or extended voluntary departure in the exercise of discretion.

Operations Instruction 245.1(a) provides in pertinent part:

An otherwise eligible alien who is unlawfully in the United States and who has not heretofore filed a section 245 application shall normally be afforded an opportunity to file such an application prior to the institution of deportation proceedings.

an adjustment application should not be denied solely because the accompanying visa petition has not yet been approved, we believe that discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen. To the extent that our decision in *Matter of Kotte, supra,* may have been misinterpreted to require a contrary disposition in such cases, *Kotte* is herewith clarified.

We do not intend, by our holding, to establish an inflexible rule requiring the immigration judge in all cases to continue the deportation proceedings at the initial hearing or on remand or, in another procedural context, to reopen the proceedings pending final adjudication by the District Director of the visa petition. It clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance or a motion to reopen upon his determination that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition. We are satisfied that the breadth of the immigration judge's discretion, together with continuing efforts by the Service to expedite the processing of visa petitions submitted simultaneously with applications for adjustment of status,[4] should serve to alleviate concerns that the policy announced herein will result in unduly delaying the entry of final orders of deportation in unmeritorious cases.

In the present case, the respondent simultaneously submitted the visa petition and adjustment application as authorized by 8 C.F.R. 245.2(a)(2). However, the visa petition and supporting documents, rather than having been retained for adjudication by the Service office having jurisdiction over the case, were included in the record file forwarded to the Board for consideration of the respondent's motion to reopen. Approval of the visa petition is not possible so long as the petition is before the Board and no apparent attempt was made by the District Director to adjudicate the petition prior to its transmittal to us.[5]

The evidence submitted in support of the visa petition makes out a colorable showing that the respondent qualifies for immediate relative

---

[4] A recent development in this regard was the introduction by the Service of a consolidated, simplified form to replace Forms I–130 and I–485, the relative petition and adjustment of status forms, in cases involving simultaneous filings under 8 C.F.R. 245.2(a)(2). The Service has also announced its intention of similarly combining the I–140 petition with the I–485 in the near future. See the Service's *Commissioner's Communique* dated March 6, 1978.

[5] In the interest of expediting administrative processing in such cases, it would seem to be a better practice for the Service office to retain the original visa petition and supporting documents for adjudication, noting in the record file that the petition has been submitted, and to forward the remaining portion of the record file to the Board for consideration of the motion.

status as the spouse of a United States citizen and, hence, that an immigrant visa will be immediately available to him on the basis of such status when the visa petition filed on his behalf is reached for adjudication.[6] There is no indication in the record that he is otherwise ineligible for a grant of section 245 relief. Accordingly, without reaching any conclusion as to the ultimate merits of the visa petition filed on the respondent's behalf or of his application for adjustment of status, we shall grant the motion and remand the record to the immigration judge for further proceedings consistent with the foregoing opinion.

**ORDER:** The motion is granted. The proceedings as to the moving respondent are reopened and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.

**FURTHER ORDER:** If discretionary relief should be granted by the immigration judge, the outstanding order of deportation shall be withdrawn.

---

[6] The respondent's spouse submitted a certified translation of her birth certificate evidencing her United States citizenship and a certified copy of her certificate of marriage to the respondent. The visa petition recites that neither the respondent nor his wife had ever entered into a prior marriage. Thus, it appears that the documentary requirements of 8 C.F.R. 204.2 have been fully satisfied.