MATTER OF ZAPATA

In Deportation Proceedings

A-21254261

A-22841115

*Decided by Board December 19, 1979*

(1) The permanent injunction entered in *Silva* v. *Bell,*     F.Supp.     , No. 76-C4268 (N.D. Ill., October 10, 1978), barring the deportation of certain Western Hemisphere aliens with visa priority dates between July 1, 1968 and December 31, 1976, does not apply to those who entered or reentered the United States on or after March 11, 1977.

(2) Section 10 of the Final Judgment Order of *Silva* v. *Bell,* F.Supp.     , No. 76-C4268 (N.D. Ill., October 10, 1978), states that no member of the *Silva* class would be eligible for a recaptured visa number unless he satisfied the current eligibility criteria for the issuance of an immigrant visa.

(3) "Eligibility" under section 10 of the Final Judgment Order of *Silva* v. *Bell* is not synonymous with the availability of nonpreference visa numbers, but refers to statutory eligibility for a visa.

(4) Although the aliens were members of the *Silva* class, they had lost the protection of the permanent injunction entered in *Silva* v. *Bell* because they had entered after March 10, 1977, and not because nonpreference visa numbers were unavailable to them.

CHARGE:

Order:    Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection—
                both respondents

ON BEHALF OF RESPONDENTS:          ON BEHALF OF SERVICE:
  Joseph J. Rey, Esquire             Daniel L. Kahn, Esquire
  P.O. Box 10187                     Trial Attorney
  El Paso, Texas 79992

BY:   Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated March 6, 1979, the immigration judge found the respondents deportable as charged and granted them voluntary departure. The respondents appeal from this decision. The appeal will be dismissed.

The respondents are husband and wife, and natives and citizens of Mexico. They have a priority date of March 25, 1975, for non preference visa purposes.

On appeal, the respondents contend that the immigration judge erred in not granting their applications for suspension of deportation under section 244 of the Immigration and Nationality Act, 8 U.S.C. 1254, and that the decision is not supported by the evidence. Neither of these contentions has any merit and both could be said to fall within 8 C.F.R. 3.1(d)(1)(a)(ii) as frivolous grounds of appeal, since the respondent's present attorney conceded at the deportation hearing that they were not eligible for suspension of deportation, and in fact never applied for it, and also because they admitted all of the allegations of the Order to Show Cause and conceded deportability. (Tr. pp. 4, 5). The contention concerning the motions made by the respondents at the hearing is not clear. The respondents in their appeal do not specify any motion that was denied. A review of the record indicates that they did request a continuance of the case until a visa became available. (Tr. p. 14, 15). This motion was correctly denied by the immigration judge because the possibility of a visa becoming available was very remote and he was obligated to enter an order finally disposing of the case. Here he found that no useful purpose would be served by a continuance and he was well within his authority to conclude the proceedings. *Matter of Garcia,* 16 I&N Dec. 653 (BIA 1978).

There is another aspect of this case, however, which has not been presented by the respondents on appeal. This is the issue of the protection afforded the respondents by the final order entered in *Silva v. Bell,* No. 76-C4268 (N.D. Ill., October 10, 1978). The immigration judge found that the reentry on February 16, 1978, without inspection divested them of any protection that the Final Judgment Order may have accorded them under *Silva.* He also found that under the tenth section of the Order the respondents did not come under *Silva* because nonpreference visa numbers were not available to them.[1]

We agree with the first conclusion that the reentry in February 1978, took them outside of the protection of the final order, but only so far as it pertained to the portion of the *Silva* order that barred the deportation of *Silva* aliens.[2] The language of this section appears to us to be clear. The respondents can therefore not be accorded this protection.

We do not agree, however, that section 10 of the Final Judgment Order should be interpreted as it was by the immigration judge. This

---

[1] The Seventh Circuit has overruled this decision as it relates to allocation of visa numbers. *Refugio Silva v. Bell,* 605 F.2d 978 (7 Cir. 1979).

[2] No alien who entered the United States on or after March 11, 1977, shall be protected by this order. However, the INS shall apply its usual policies and procedures concerning the application of discretion in determining the length of time the alien may be permitted to remain in the United States." (Section 3, Temporary Restraining Order, made a permanent injuction, *Silva v. Bell, id.*

section states that:

> 10. No class member shall be eligible for a recaptured visa number unless he/she satisfies the current eligibility criteria for the issuance of an immigrant visa.

The immigration judge held this to mean that because nonpreference visa numbers were unavailable to the respondents they had not "satisfied the current eligibility criteria." The language of the order appears to be a variation of that used in section 4(b) of the Temporary Restraining Order which was made a permanent injunction in Section 5 of the Final Judgment Order and which excluded from *Silva* protection certain aliens who were:

> ... clearly not eligible for an immigrant visa under Section 212(a)(15), (16), (17) or (19) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(15), (16), (17) or (19). ...

Read in conjunction, these provisions show that the intent remains the same: to exclude those aliens who are statutorily ineligible to receive a visa.[3]

The fact that nonpreference numbers are presently unavailable does not constitute "ineligibility" under the terms of *Silva*. These are distinct issues. To hold otherwise would be to find that no *Silva* aliens whatsoever could currently come under the protection of the Final Judgment Order, a rather difficult position to maintain since a major purpose of the Order was to protect aliens who should have been accorded visa numbers but were not because of the misallocation of the numbers to Cuban refugees. The Findings of Fact in the Final Judgment Order also make this clear in the recognition by the District Court that there would be insufficient visa numbers available for the *Silva* class aliens.[4]

In this case, the respondents, as noted, have a priority date of March 25, 1975. This comes within the time frame of July 1, 1968 to December 31, 1976, established in the *Silva* order. It is clear therefore that the respondents meet the qualifications for those included in the *Silva* class, and are qualified to receive a recaptured nonpreference visa number if otherwise eligible, if and when they come available. It is equally clear that the fact that non preference visa numbers are not available does not destroy their underlying eligibility for protection from deportation. This does not mean that *Silva* nonpreference visa eligibility is synonymous with protection from deportation. This protection of the *Silva* order is only accorded those who entered the United States before March 11, 1977, and who have not since reentered. The respondents here do not come within this protection. So, although they are not ineligible for *Silva* order protection from deportation

---

[3] Sections 4(a), (b), and (c) also provide other grounds for excluding *Silva* aliens from the protection of the restraining order. These are not applicable here.

[4] Final Judgment Order, Findings of Fact, 19, 20, *Silva* v. *Bell, id.*

because nonpreference numbers are unavailable, they are ineligible because they entered the United States after March 10, 1977. The appeal is accordingly dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondents are permitted to depart from the United States voluntarily within 30 days from the date of this order and under such conditions as the District Director deems appropriate; and in the event of failure to so depart, the respondents shall be deported as provided in the immigration judge's order.