United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60394
Summary Calendar

_____

OMAR ABDEL ALROHMAN JARADAT,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 653 018
--------------------

Before DAVIS, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Omar Abdel Alrohman Jaradat petitions this court for review

of the Board of Immigration Appeal's ("BIA") order affirming the

denial of his request for a continuance and final order of

removal.  Jaradat argues that the BIA abused its discretion by

affirming the denial of his request for a continuance because the

appeal from the denial of his wife's petition for adjustment of

his status based upon their marriage was still pending and had

not been forwarded to the BIA.  Jaradat asserts that the

immigration judge ("IJ") granted him one continuance because the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal had not been forwarded to the BIA but did not grant him another continuance even though the appeal still had not been forwarded to the BIA.

As an initial matter, the respondent asserts that we do not have jurisdiction over Jaradat's petition for review under 8 U.S.C. § 1252(a)(2)(B)(ii). This argument is foreclosed by this court's opinions in Zhao v. Gonzales, 404 F.3d 295, 302-03 (5th Cir. Mar. 15, 2005), and Manzano-Garcia v. Gonzales, __ F.3d __, 2005 WL 1400023 at *5 (5th Cir. June 15, 2005).

On a petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). We review the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002). We review the BIA's affirmance of an IJ's denial of a continuance for abuse of discretion. Witter v. INS, 113 F.3d 549, 555-56 (5th Cir. 1997). An IJ may grant a continuance upon a showing of good cause. Id.

The pendency of a prima facie approvable petition for adjustment of status is good cause for the continuance of removal proceedings. In re Garcia, 16 I & N Dec. 653, 657 (BIA 1978). In this case, however, the petition was not prima facie approvable because it had been denied and was on appeal. The BIA and the IJ, whose reasoning was adopted by the BIA, adequately

explained the reasoning for their denial of Jaradat's request for a continuance. While the IJ granted Jaradat a continuance at a previous hearing because the appeal had not been forwarded to the BIA, the record shows that at the hearing in question, the respondent explained that the appeal was in the process of adjudication and was not being unduly delayed. The IJ had previously continued Jaradat's removal proceedings on 15 separate occasions, spanning a total of almost five years. Given these circumstances, the BIA did not abuse its discretion by affirming the IJ's denial of Jaradat's request for a continuance.

PETITION FOR REVIEW DENIED.