**MU PING ZHENG, Petitioner–Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Alberto Gonzalez, Respondent–Appellee.**

No. 05–0909.

United States Court of Appeals, Second Circuit.

Oct. 18, 2006.

Khagendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, NY, for Petitioner–Appellant.

Heather K. McShain, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, *on the brief*), New York, NY, for Respondent–Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. BARBARA S. JONES, District Judge.*

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Petitioner–Appellant Zheng argues that the Immigration Judge ("IJ") erred in denying his motion for a continuance of deportation proceedings because, at the time the continuance was denied, he had a pending adjustment of status application and was eligible for adjustment of status. The IJ found that Zheng was ineligible for adjustment of status because a visa was not "immediately available" to him as required by the statute. *See* 8 U.S.C. § 1255(a). Zheng filed an I–140 visa petition and receipt of that filing was acknowledged by the Immigration and Naturalization Service ("INS") on October 28, 2002. By the time of Zheng's hearing nearly eleven months later, however, the INS had still not processed Zheng's petition.

Zheng cites *Matter of Garcia,* 16 I. & N. Dec. 653, 655, 1978 WL 36464 (BIA 1978), for the proposition that a continuance should be granted when an adjustment of status application is pending and the petitioner's visa petition is prima facie approvable. Zheng argues that his visa petition was prima facie approvable and that neither the IJ nor the Board of Immigration Appeals suggested any reason why his petition might be denied by the INS. Therefore, Zheng concludes, under *Garcia,* the IJ should have granted a continuance until the INS processed his I–140.

We find it unnecessary to address this claim. Zheng's I–140 has now been processed and denied,[1] thus rendering Zheng's challenge to the IJ's decision moot. "To qualify for adjudication in federal court, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Qureshi v. Gonzales,* 442 F.3d 985, 988 (7th Cir.2006) (quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)). "A case 'is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Qureshi,* 442 F.3d at 988 (quoting *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000)). Although Zheng informed us at oral argument that he has

---

* The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

1. Zheng's counsel stated at oral argument that Zheng's I–140 petition was denied June 9, 2006.

applied for reconsideration of his I–140 petition, that is of no moment as for our purposes the matter is closed.

Accordingly, for the reasons set forth above, the appeal is **dismissed.**