

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2007

# Khan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1079

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Khan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1435.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1435

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1079
_____

HAQUE MOINUL KHAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A77 629 364)
Immigration Judge Henry S. Doggin
_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before:  McKEE, AMBRO and FISHER, *Circuit Judges*.

(Filed: March 22, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Haque Moinul Khan petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial of his request for a fifth continuance of removal proceedings. For the reasons that follow, we will deny the petition.

I.

As we write only for the parties, we forgo a lengthy recitation of the factual background of this case. Petitioner Khan, a citizen and native of Bangladesh, lawfully entered the United States on May 10, 1995, as a non-immigrant visitor for business with authorization to remain in the U.S. for a period not to exceed ten days. He overstayed this visa and on April 23, 2003, the Department of Homeland Security ("DHS") served him with a Notice to Appear, charging him as removable under 8 U.S.C. § 1227(a)(1)(B).

Khan originally appeared before the IJ on July 30, 2003, but his hearing was continued until October 29, 2003, to allow him to obtain counsel. His hearing was then continued several more times until July 13, 2004, when Khan appeared before the IJ and conceded his removability. At that hearing, Khan testified that his wife was a lawful permanent resident, that she had filed an I-130 petition for alien relative on his behalf, and that she had an application for naturalization pending. The IJ continued the hearing once again until September 14, 2004, to provide additional time for Khan's applications to be processed.

At the September 14, 2004 hearing, Khan's applications were still pending, and Khan requested another continuance. The IJ observed that Khan had already been granted at least four continuances[1] in anticipation that his I-130 petition would be granted, and that there was still no visa available. He also acknowledged that Khan's wife still had a naturalization petition pending, but observed that there was no date certain when she would naturalize. Based on these facts, the IJ declined to continue the case, stating "all we're doing is constantly adjourning this case. Until I have some date certain, and I know that the wife is going to be a citizen, I will not adjourn it again." He proceeded to order removal but granted Khan's motion for voluntary departure. On December 12, 2005, the BIA adopted and affirmed the IJ's decision, finding that Khan had not established good cause to have his hearing continued. This petition for review followed.

II.

Because the BIA adopted the IJ's decision, we review the IJ's decision. *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003). We review the denial of a continuance for abuse of discretion and will reverse that decision only if it is "arbitrary, irrational or contrary to law." *Khan v. United States AG*, 448 F.3d 226, 233 (citations omitted). We have stated that "the question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of

_____

[1]It appears from the record that five continuances had been granted by this point. However, we need not resolve this discrepancy as it will ultimately have no bearing on the disposition of this case.

bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003) (quoting *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988) (citation omitted)).

Regulations provide that an IJ "may grant a motion for continuance for good cause shown," but do not define "good cause." *See* 8 C.F.R. § 1003.29 (2006). However, in *Matter of Garcia*, the BIA clarified that while "an alien does not have an absolute right" to a continuance of removal proceedings, an IJ generally should grant such a continuance where an alien has submitted "a prima facie approvable visa petition." 16 I. & N. Dec. 653, 656-57 (BIA 1978). In addition, the BIA held that "discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen." *Id.* at 657.

In this case, Khan's I-130 petition was not a prima facie approvable petition. To be eligible for adjustment of status, an alien must have an "immediately available" visa. *See* 8 U.S.C. § 1255(a)(3); *INS v. Miranda*, 459 U.S. 14, 15 (1982). The IJ in this case correctly observed that Khan had no immediately available visa. As the intended beneficiary of an I-130 petition filed by a lawful permanent resident, Khan is subject to the worldwide and numerical limitations on the allocation of visas set forth in 8 U.S.C. § 1153(a). These limitations mean, as a practical matter, that applicants often must wait for long periods of time, usually years, before they can apply for permanent residency. It

4

was squarely within the IJ's discretion to deny the request for a continuance as a result. *Khan*, 448 F.3d at 226 (finding no abuse of discretion where petitioner could not show that a visa was immediately available); *Ahmed v. Gonzales*, 447 F.3d 433, 439 (3d Cir. 2006) ("We decline to hold that the decision to end this lengthy and discretionary adjustment of status process was itself an abuse of discretion.").

Furthermore, although a visa would be immediately available to Khan were he the beneficiary of an I-130 submitted by a U.S. citizen rather than a lawful permanent resident, Khan's wife was not a naturalized citizen at the time she submitted an I-130. Although Khan testified at his hearing that he expected his wife would soon be naturalized, he provided no assurances, beyond the fact that his wife was scheduled to be fingerprinted, that this development was likely to take place and, if so, when. In the context of immigration proceedings, the consequence of delay "is to permit and prolong a continuing violation of United States law." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 473 (1999). Given that numerous continuances had already been granted, it was not an abuse of discretion for the IJ in this case to deny yet another continuance even though Khan's wife's naturalization application was pending.

Finally, Khan's claim that his wife is now a naturalized citizen is not properly before this Court, as that claim has not been submitted first to the BIA. See 8 U.S.C. § 1252(d)(1) (providing for judicial review of claims only where an alien has exhausted all administrative remedies available to the alien as of right); *Abdulrahman v. Ashcroft*,

5

330 F.3d 587, 594-95 ("[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim."). To the extent Khan wishes to present evidence that his wife is now a naturalized citizen, the appropriate recourse is to file a motion to reopen the proceedings with the BIA. *Al-Fara v. Gonzales*, 404 F.3d 733, 743 (3d Cir. 2005). Although such a motion to reopen would be untimely, *see* 8 C.F.R. § 1003.2(c)(2) (requiring motions to reopen to be filed generally within 90 days after the date on which the final administrative decision was rendered), it is still within the BIA's discretion to consider that motion sua sponte. *See* 8 C.F.R. § 1003.2(a). Alternatively, Khan may request that the DHS join in a motion to reopen before the BIA. 8 C.F.R. § 1003.2(c)(3)(iii).

III.

For the foregoing reasons, the petition will be denied.