United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60921
Summary Calendar

CHRISTOPHER MUSYOKI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 885 665
--------------------

Before SMITH, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Christopher Musyoki petitions this court for review of the Board of Immigration Appeals's (BIA) order affirming the immigration judge's (IJ) denial of his request for a continuance. Musyoki sought a continuance of his removal proceeding pending an appeal by his wife of the denial of an I-130 petition filed on his behalf.

Musyoki argues that he was unfairly surprised by the denial of the I-130 petition. He contends that his wife did not have an opportunity to respond to the denial or to lodge an appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The grant of a motion to continue lies within the sound discretion of the IJ, who may grant the motion for good cause shown. Witter v. INS, 113 F.3d 549, 555-56 (5th Cir. 1997); see 8 C.F.R. § 1003.29. An "immigration judge's decision denying a motion for a continuance will not be reversed unless the alien establishes that [the] denial caused him actual prejudice and harm and materially affected the outcome of his case." In re Sibrun, 18 I & N Dec. 354, 356-57 (BIA 1983). To show prejudice, "the alien must specifically articulate the particular facts involved or the evidence which he would have presented, and otherwise fully explain how the denial of his motion fundamentally changed the result reached." Id. at 357.

Given that the I-130 petition filed by his wife had been denied, the petition was not "prima facie approvable." In re Garcia, 16 I & N Dec. 653, 656 (BIA 1978). Musyoki did not show good cause for the grant of a continuance before the IJ. See Witter, 113 F.3d at 555-56. On his appeal to the BIA, Musyoki failed to show that the BIA's affirmance of the IJ's denial of a continuance prejudiced him or that it had a material affect on the outcome of his case. See In re Sibrun, 18 I & N Dec. at 356-57. Musyoki has not shown that the BIA abused its discretion in affirming the IJ's denial of his motion a continuance. See Witter, 113 F.3d at 555.

Musyoki also contends that the denial of a continuance violated his right to due process given that his wife is entitled

to appeal the denial of the I-130 petition. Musyoki has not specified facts or evidence that would suggest that the I-130 petition filed on his behalf by his spouse was improperly denied or that the outcome would be different on appeal. Musyoki's due process claim fails because he has not made "an initial showing of substantial prejudice." Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

PETITION FOR REVIEW DENIED.