

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2568

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Singh v. Atty Gen USA" (2007). *2007 Decisions.* Paper 737.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/737

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-2568
_____

DHARAM SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A73-620-184)
Immigration Judge Alberto J. Riefkohl
_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2007

Before: BARRY, FUENTES and JORDAN, *Circuit Judges.*

(Filed: July 18, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge.*

Dharam Singh ("Petitioner"), a native and citizen of India, petitions for review of

the final order of the Board of Immigration Appeals ("BIA") denying his motion to

reopen, which was based on his counsel's alleged ineffective assistance. For the reasons that follow, we will grant the petition and remand the case.

I

Petitioner entered the United States in November 1996. His application for asylum, originally filed in June 1997 by his attorney, Jaspreet Singh,[1] and his request for withholding of removal were denied by an Immigration Judge ("IJ") on September 21, 1999. Petitioner appealed that decision to the BIA.

While that appeal was pending, Petitioner successfully applied to be a cook at an Indian restaurant. The restaurant, also using Jaspreet Singh as an attorney, applied for a labor certification for Petitioner, which was approved on February 27, 2002, and then filed a petition for an employment visa in April 2002. That petition was denied as incomplete, and a second visa petition was filed by Jaspreet Singh in September 26, 2002. Both petitions stated incorrectly that Petitioner was not in removal proceedings. Jaspreet Singh also filed an application for adjustment of Petitioner's status to lawful permanent resident. That application, dated August 15, 2002, again stated that Petitioner was not in removal proceedings. Importantly, because Petitioner was, in fact, in removal proceedings, the application for adjustment of status should have been filed with the BIA

---

[1]Because Petitioner and his attorney share the surname Singh, we use the attorney's full name throughout the opinion and refer to Petitioner Dharam Singh simply as the "Petitioner."

pursuant to 8 C.F.R. § 1245.2(a)(2)(i)(C)(3). It was, however, incorrectly filed with the Immigration and Naturalization Service (INS).

On January 7, 2003, unaware of Petitioner's pending application for adjustment of status, the BIA affirmed without opinion the IJ's denial of asylum and withholding of removal and granted Petitioner thirty days to voluntarily depart the United States. Petitioner alleges that, instead of explaining to him what had happened, Jaspreet Singh told him that more papers needed to be filed to "continue" the appeal to the BIA. Following Jaspreet Singh's instructions, Petitioner signed blank pages so that Jaspreet Singh could file the supposedly necessary papers. Over the next two years, Jaspreet Singh allegedly lied by telling Petitioner that his appeal was still pending. During that time, Jaspreet Singh filed two motions to reopen with the BIA and a petition for review with this Court, which were all denied because they either failed to raise any new evidence or were untimely. Following the BIA's denial of the second motion to reopen, Petitioner himself filed a second petition for review, which this Court denied on March 4, 2005 because the motion to the BIA was untimely.

Meanwhile, Petitioner's visa petition and application for adjustment of status continued to work their way through the administrative process in the Department of Homeland Security (DHS), which had taken over the relevant functions of the INS. DHS approved the visa petition on April 20, 2004. After Petitioner asked a Congressman for help in determining the status of his case, DHS told the Congressman on September 11, 2005 that Petitioner's status had been adjusted to lawful permanent resident on April 8,

2005. According to DHS, there were "several" files that had been created for Petitioner, and DHS was in the process of consolidating them. In that process, DHS evidently discovered the files holding the orders of the IJ, the BIA, and this Court. At an interview on November 16, 2005, a DHS officer told Petitioner that the information given to the Congressman was incorrect. Not only had DHS not adjusted Petitioner's status in April 2005, it could not do so, because he was in removal proceedings and the application needed to be handled by the BIA. The BIA, of course, had already entered a final order of removal.

II

On February 14, 2006, Petitioner filed a motion to reopen with the BIA. He argued that, prior to the BIA's final order of removal in January 2003, Jaspreet Singh should have asked the BIA to remand the case for consideration of Petitioner's application for adjustment of status. According to Petitioner, Jaspreet Singh's failure amounts to ineffective assistance of counsel that justifies reopening his case to decide whether to adjust his status. Furthermore, because of Jaspreet Singh's allegedly fraudulent behavior in lying about the status of his appeal, Petitioner asked the BIA to equitably toll the time and numerical limits that would otherwise prevent his motion from being considered on the merits.[2]

---

[2]Generally, an alien may only file one motion to reopen, and that motion must be filed no later than 90 days after the BIA's final decision. 8 C.F.R. § 1003.2(c)(2). Because this is Petitioner's third motion to reopen and because it was filed more than three years after the BIA's final decision, Petitioner asked the BIA to equitably toll the limitations.

The BIA denied the motion to reopen on April 6, 2006. Although Petitioner had satisfied "the procedural requirements for demonstrating ineffective assistance of counsel," the BIA found that he had "failed to demonstrate the requisite prejudice stemming from his former counsel's actions or inactions." The BIA recognized that Jaspreet Singh "failed to keep [Petitioner] apprised of the status of his case, provided false information . . . and did not diligently pursue [his] applications for relief." The BIA nevertheless denied the motion because, in the BIA's view, Jaspreet Singh's failure to ask the BIA to remand the case made no difference to the outcome.

Petitioner argued that, if Jaspreet Singh had filed a motion to remand, the BIA "would have remanded the case to the Immigration Judge for consideration of [Petitioner's] application for adjustment of status on the basis of the submission of his approved labor certificate, notice of filing for a visa petition, and his application for adjustment of status." According to the BIA, however, it would not have remanded the case unless the visa petition had already been approved. Since that approval did not come until April 2004, more than a year after the BIA's final order, the BIA concluded that Jaspreet Singh's failure was irrelevant. The BIA went on to note that one of its precedential cases that allowed adjustment of status applications to be considered before adjudication of a visa petition, *Matter of Velarde*, 23 I&N Dec. 253 (BIA 2002), applied only to applications based on marriage and "does not extend to situations involving employment-based petitions."

III

5

Petitioner seeks review of the BIA's decision, arguing that it is contrary to established precedent. We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). "We review the BIA's denial of a motion to reopen for abuse of discretion." *Fadiga v. Attorney Gen.*, No. 05-4910, __ F.3d __ , 2007 WL 1720048, at *8 (3d Cir. June 15, 2007) (citing *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004)). "However, we review de novo the [BIA's] determination of an underlying procedural due process claim." *Id*. "[C]laims of ineffective assistance of counsel in immigration proceedings are grounded in the Fifth Amendment right to due process," and are therefore reviewed de novo. *Id*.

In its analysis of an alien's ineffective assistance of counsel claim, the BIA must determine "(1) whether competent counsel would have acted otherwise, and, if yes, (2) whether the alien was prejudiced by counsel's poor performance." *Id*. at *11 (internal citations and quotation marks omitted). It appears to be a given that Jaspreet Singh's failure to abide by the appropriate regulations relating to adjustment of status satisfies the first prong. The BIA's decision took that for granted and focused instead on whether Petitioner was prejudiced by his lawyer's failings. To show prejudice, Petitioner must show "that there was a reasonable likelihood that the result would have been different if the errors had not occurred." *Id*. at *13 (internal citations and quotation marks omitted). That showing "does not require that a different outcome was more likely than not." *Id*. at *14.

6

Here, contrary to the BIA's conclusion, there is a reasonable likelihood that Petitioner was prejudiced by Jaspreet Singh's failure to seek a remand, even though Petitioner's visa petition had not yet been approved. In *Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978), the BIA determined that, in order to give appropriate effect to a regulation that allowed adjustment of status applications to be filed simultaneously with visa petitions,[3] it would "generally reopen" removal proceedings based on the filing of the visa petition "unless clear ineligibility is apparent in the record." *Id.* at 654. According to the BIA in *Garcia*, refusing to reopen as a general matter until the visa petition is approved would be contrary to the purpose of the regulation. *Id.* That regulation now allows for simultaneous or subsequent filing of employment visa petitions as well as petitions based on marriage. 8 C.F.R. § 1245.2(a)(2)(i)(B). Thus, the *Garcia* rule, established to give effect to the regulation, should apply to Petitioner's employment petition. There is, therefore, at least a reasonable likelihood that a motion to remand would have been granted. Petitioner was prejudiced by Jaspreet Singh's failure to make the motion.

In its denial of Petitioner's motion to reopen, the BIA cited to the *Velarde* case, rather than *Garcia*. In *Velarde*, the BIA addressed its handling of adjustment of status applications when the underlying visa petition is based on marriage. That case, as the BIA pointed out here, does not apply to Petitioner's employment visa petition. The

---

[3]That regulation is currently found at 8 C.F.R. § 1245.2(a)(2)(i)(B).

7

*Garcia* case, however, squarely applies, as the BIA has previously noted in at least one unpublished case. *See In re Fadi Al-Mokbel*, 2004 WL 2374677 (BIA Aug. 10, 2004) ("Where, as here, the underlying adjustment application is based upon an employment visa rather than a marriage, the governing standard is that articulated in *Matter of Garcia .* . . ."). The BIA failed to apply the correct standard to Petitioner's case.

IV

In conclusion, the BIA erred in finding that Petitioner was not prejudiced by Jaspreet Singh's failure to ask for a remand. Petitioner also asks us to conclude that the filing deadline for his motion to reopen should be equitably tolled because of Jaspreet Singh's fraud and ineffective assistance. That conclusion rests on factual determinations that should be made by the BIA in the first instance. *See Borges v. Gonzales*, 402 F.3d 398, 407 (3d Cir. 2005). Therefore, for the reasons stated, we will grant the petition for review, vacate the April 6, 2006 order of the BIA, and remand the case to the BIA for proceedings consistent with this opinion.