**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0249n.06
Filed: May 8, 2008

**06-3799**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CARLOS GORDON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| MICHAEL MUKASEY, United States | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: RYAN and DAUGHTREY, Circuit Judges; COHN,[*] District Judge.

PER CURIAM.   We have before us a petition for review of a decision of the Board of Immigration Appeals (BIA) denying petitioner Carlos Gordon's motion to reopen his case to permit consideration of his application for adjustment of status by the Department of Homeland Security.  The application would constitute Gordon's second attempt to avoid removal from the United States as an illegal alien through adjustment of status based on marriage to an American citizen.

---

[*]The Hon. Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Gordon is a native of Jamaica who entered the United States as a non-immigrant visitor in April 2000 and overstayed his visa, eventually marrying Nicole Johnson, a U.S. citizen, on February 14, 2001. The couple separated five months later, and Gordon's initial application for adjustment of status was denied in April 2001, as the result of Johnson's withdrawal of her I-130 Petition for Alien Relative. An immigration judge ordered Gordon's removal in August 2004, denying both withholding of removal and relief under the U.N. Convention Against Torture. The BIA affirmed that decision on December 1, 2005.

Gordon claims that sometime shortly after the BIA's decision came down, he and Johnson reconciled and once again began living together as husband and wife. As a result, Johnson filed a new I-130 petition on Gordon's behalf in January 2006, a petition that is apparently still pending resolution. Approximately one month later, Gordon filed a timely motion before the BIA, seeking to reopen his case in order to apply for adjustment of status pending the approval of Nicole's I-130 visa petition.

The BIA denied the motion to reopen, finding both "the previous withdrawal by [Johnson] of the original visa petition she filed [on the petitioner's] behalf to be a significant factor to be considered" and also "the timing of the [couple's] reconciliation to be somewhat suspect." In its written decision in this matter, the Board furthermore explained:

> [W]e find the evidence presented in support of [Gordon's] motion to be somewhat scant and limited, and insufficient to demonstrate the bona fides of the marriage. It consists only of [an apartment] lease, the I-864, the G-325 forms, and some pictures and cards. [The government] correctly noted in its Opposition that the first two pages of the I-864 executed by [Johnson]

are missing . . . .  In addition, while the motive for the alteration of the lease is unclear, it does appear that the page numbers were changed.  Examples of other types of evidence which could have been submitted to demonstrate the bona fides of the marriage include evidence of a joint bank account to show commingling of financial resources, joint utility bills, joint insurance policies, or affidavits of third parties having knowledge of the bona fides of the marital relationship.  None of these was presented.

We have consistently recognized that "a motion to reopen should not be granted unless the petitioner makes a *prima facie* showing that the statutory requirements for the underlying relief have been met."  *Yousif v. INS*, 794 F.2d 236, 241 (6th Cir. 1986).  Nevertheless, "even if the petitioner meets his burden of showing a *prima facie* case of eligibility, the Board may, within its discretion, deny the motion." *Id.*  Because the decision of the Board whether to grant or to deny a motion to reopen is thus within the sound discretion of the BIA, *see* 8 C.F.R. § 1003.2(a); *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006), we will not overturn it unless "the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group."  *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (citing *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)).

In this case, the BIA determined that Gordon failed to establish *prima facie* eligibility for adjustment of status based upon a marriage to an American citizen.  The Board noted that Gordon's application to reopen did not contain any of the usual indications of a bona fide marriage relationship with Nicole Johnson.  Most of the exhibits that the petitioner did

attach to his motion – the couple's marriage license from 2001, pictures from the wedding ceremony, undated photographs of the couple, and undated notes written by one or the other of the couple – are, moreover, wholly irrelevant to a determination of whether the couple was truly living as husband and wife in 2006.

But, the petitioner also submitted for the BIA's consideration two I-864 sponsorship forms and two G-325A forms, one filed by the petitioner and one offered by Nicole Johnson, each claiming under potentially "severe penalties . . . for knowingly and willfully falsifying or concealing a material fact," that the couple were husband and wife and both lived at 1658 Bryn Mawr Road in Cleveland, Ohio. The petitioner further proffered as an exhibit to his motion a copy of the Bryn Mawr apartment lease signed by Gordon and by Johnson on December 15, 2005, exactly two weeks after the Board's decision upholding the immigration judge's ruling denying Gordon withholding of removal and relief under the Convention Against Torture.

The BIA apparently gave little weight to the fact that the couple had signed an apartment lease, however, commenting that "while the motive for the alteration of the lease is unclear, it does appear that the page numbers were changed." In fact, the pages of the lease do show that the notations "Page 1 of 5," Page 2 of 5," Page 3 of 5," Page 4 of 5," and Page 5 of 5" at the bottom of the respective pages include a handwritten "5" in each instance. Nevertheless, our review indicates that rather than manifesting some devious intent, the handwritten numerals appear to be merely overwrites of information that did not

copy as thoroughly as other printing on the pages. Indeed, the five pages of the lease appear to contain the entire agreement between the landlord and tenants and end appropriately with the signatures of the parties to the contract. In short, nothing in the exhibit gives pause as to the legitimacy of the document itself.

In *Matter of Garcia*, 16 I&N Dec. 653, 654 (BIA 1978), the Board re-examined its policy regarding the disposition of motions to reopen "based upon as yet unadjudicated visa petitions." After doing so, the BIA determined that it would "generally reopen the deportation proceedings in such cases *unless clear ineligibility is apparent in the record*." *Id.* (emphasis added). The Board recognized:

> It clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance or a motion to reopen upon his determination that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition.

*Id.* at 657. However, the BIA expressed its clear belief that discretion should, nevertheless, "be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen." *Id.*

Rather than adhere to the precepts of *Matter of Garcia*, however, the BIA in this matter evaluated Gordon's motion to reopen – filed during the pendency of an I-130 proceeding – not to determine whether the petitioner established a *prima facie* case of

eligibility for relief, but rather on the merits of the I-130 petition itself. The Board thus imposed an unduly onerous burden upon Gordon and failed to accord his evidentiary exhibits the weight they deserved at a preliminary stage of the decision-making process. Given the fact that the BIA denied the motion to reopen because it felt that a *prima facie* case had not been established, yet imposed an evidentiary burden far heavier than that ordinarily required for such a showing, it is impossible to determine whether the Board would choose to deny the motion if it decided that Gordon had at least met the minimal, initial showing required. Under such circumstances, a remand to the BIA for further consideration of the matter under the proper legal standard is required.

## CONCLUSION

Given the BIA's decision applying a burden of proof more applicable to a final decision on the request for a change in an alien relative's immigration status than to the "colorable showing" of entitlement to relief applicable at the motion to reopen stage, we conclude that the BIA abused its discretion in denying Gordon's motion. We therefore GRANT the petition for review and REMAND this matter to the BIA for such further proceedings as are appropriate.

RYAN, Circuit Judge, dissenting.        After a careful reading of <u>Matter of Garcia</u>, 16 I & N Dec. 653 (BIA 1978), I am satisfied that the "colorable showing" mentioned in the agency's opinion and relied upon by my colleagues, is not a statement of a new standard for eligibility to seek reopening of a Board of Immigration decision.  Rather, it is a mere <u>dictum</u> that does not control our decision.

As I read <u>Garcia</u>, the BIA did not depart from the <u>prima</u> <u>facie</u> standard as stated in § 1003.2(c), nor has any subsequent decision lowered the burden to a "colorable showing" in lieu of the <u>prima</u> <u>facie</u> standard.  Moreover, the BIA enjoys broad discretion to deny motions to reopen, even where the applicant makes out a <u>prima</u> <u>facie</u> case.  8 C.F.R. § 1003.2(a); <u>Yousif v. INS</u>, 794 F.2d 236, 241 (6th Cir. 1986).  I believe we decided this issue correctly the first time this case was presented to us, and I see no reason to revisit it.

I respectfully dissent.