

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2009

# Jorge Benavides-Guzm v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2992

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jorge Benavides-Guzm v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1981.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1981

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2992
_____

JORGE BENAVIDES-GUZMAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A75-967-620)
Immigration Judge: Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2008

Before:  RENDELL, FUENTES and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: January 27, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Petitioner Jorge Benavides-Guzman, a native and citizen of Bolivia, was admitted

into the United States on July 6, 1996 as a visitor with authorization to remain until

August 30, 1996.  A Notice To Appear was filed in Immigration Court on September 19,

2003, which alleged that he was removable under Immigration & Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who failed to depart prior to the expiration of his authorized stay. Insofar as Benavides-Guzman had married a United States citizen on March 19, 1997, he, through counsel, sought and received a continuance from the Immigration Judge in order for his wife to file an alien relative visa petition and adjustment of status application. The first such petition was denied; a second visa petition was filed on March 15, 2004. On October 30, 2006, his wife's second visa petition was denied by the District Director for the United States Citizenship and Immigration Services ("USCIS") on the ground that the couple did not share a common life together. The District Director's decision notes 19 serious discrepancies in the couple's interview statements. When the couple was confronted with the discrepancies, they could offer no convincing explanation for their contradictory answers. The District Director concluded that the marriage was strictly for Benavides-Guzman to procure permanent residence in the United States "since a couple engaged in a bonafide marital relationship would never have had such discrepancies regarding not only their home but also their activities as a couple." A.R. 108.

Benavides-Guzman appeared before the IJ with his counsel on November 20, 2006.[1] He admitted the factual allegations and conceded removability, but, in seeking

---

[1] The transcript in the Administrative Record apparently is incorrectly dated July 27, 2004.

another continuance, he testified that his wife gave inconsistent answers at her adjustment of status interviews because she is a drug addict. Her drug problem had been ongoing throughout their ten year marriage. He blamed his wife's poor memory and inaccurate testimony at the interview on "all the things that happened to her." A.R. 90. Furthermore, his wife was 5 weeks pregnant and the pregnancy was evidence that the marriage was bonafide. Therefore, if he could have another continuance he would seek reconsideration with the District Director regarding the denial of the visa petition.

After consideration of the record evidence and testimony, on that same day, the IJ denied any further continuances and ordered Benavides-Guzman removed to Bolivia.[2] His application for voluntary departure was granted. The IJ noted that Benavides-Guzman's wife had not yet appealed the District Director's decision denying the visa petition, notwithstanding the request for a postponement of removal proceedings. Nevertheless, the IJ considered the request to continue the case in order to allow Benavides-Guzman's counsel to approach USCIS to ask it to reopen or reconsider its denial of the visa petition. The IJ also considered Benavides-Guzman's stated hope that the pregnancy would change matters in the couple's relationship, and considered that his wife might have trouble with her memory due to her substance abuse problem. However, the IJ ultimately concluded that good cause did not exist to continue the removal proceedings. The IJ pointed out that Benavides-Guzman's wife had not appeared at the

_____

[2] The IJ's written decision apparently is also incorrectly dated July 27, 2004.

3

hearing on the motion to postpone, and had not communicated with the Immigration Court concerning her desires or intentions surrounding the visa petition. Furthermore, she had not made any movement toward filing an appeal from the visa petition. There thus was insufficient evidence to establish that additional efforts would be made to prosecute a visa petition on Benavides-Guzman's behalf, and consequently a lack of good cause shown to justify further continuance.

Benavides-Guzman appealed, with the assistance of counsel, to the Board of Immigration Appeals, contending that the IJ abused her discretion and violated his right to due process by denying his request for a continuance. In a decision dated June 11, 2008, the Board affirmed without opinion, 8 C.F.R. § 1003.1(e)(4). Benavides-Guzman has timely petitioned for review pro se.

We will deny the petition for review. Our authority to review a final removal order of the Board arises under INA § 242(a), 8 U.S.C. § 1252(a). Benavides-Guzman contends that the IJ abused her discretion and violated his right to due process by denying him a continuance so that his wife could appeal the denial of her relative petition filed on his behalf, and thus attempt to qualify him for adjustment of status. He contends that he met the requirements for postponement and that his now twelve year marriage is bonafide.

When the Board summarily affirms and defers to an IJ's decision, we review the IJ's decision to assess whether the Board's decision to defer was appropriate. See

4

Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001). An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. In Khan v. U.S. Attorney Gen., 448 F.3d 226 (3d Cir. 2006), we held that we have jurisdiction to review the denial of a continuance because denials of motions to continue are not statutorily-proscribed discretionary acts. Id. at 231 (internal quotations and citation removed). We review the denial of a continuance for abuse of discretion. See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003). We exercise plenary review over procedural due process claims. See Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006); Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005).

We conclude that the IJ did not abuse her discretion in denying the motion for postponement, nor was Benavides-Guzman's right to due process violated. An IJ's discretion to continue a hearing should be favorably exercised where a prima facie approvable visa petition has yet to be approved and a prima facie approvable adjustment of status has been submitted, see Matter of Garcia, 16 I. & N. Dec. 653, 656-57 (BIA 1978), modified on other grounds by Matter of Arthur, 20 I. & N. Dec. 475 (BIA 1992) (addressing marriages that were entered into after commencement of removal proceedings), but the alien must have a visa immediately available to him, INA § 245(a), 8 U.S.C. § 1255(a). Benavides-Guzman did not have an approved visa petition and no visa was immediately available to him because his wife's visa petition was denied. The IJ had discretion to deny any request for a continuance on this basis, see Khan, 448 F.3d at

5

234-35 (citing Onyeme v. Immigration & Naturalization Serv., 146 F.3d 227, 234 (4th Cir. 1998)). Benavides-Guzman is presently ineligible for an immigrant visa, and he cannot show that one will be available to him at some estimable time in the future. Id.

Furthermore, prior to the denial of his wife's petition, the IJ granted continuances, and in denying any further continuances, she explained her reasons in detail and throughly considered Benavides-Guzman's claims. There was, as the IJ concluded, a lack of good cause shown to justify any further delay. In evaluating any request for an adjournment or continuance, the IJ could reasonably have relied on the decision by the District Director denying the relative petition without speculating about whether an appeal of the decision would have arguable merit. Cf. Khan, 448 F.3d at 235 (when all that petitioner offers is speculative possibility that at some future point he may receive labor certification, he has failed to demonstrate that he has a visa petition immediately available to him).

Finally, although aliens facing removal are entitled to due process, see Kamara v. U.S. Attorney Gen., 420 F.3d 202, 211 (3d Cir. 2005), what is required is that an alien be provided with a full and fair hearing and a reasonable opportunity to present evidence, see Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006). We have carefully reviewed the record and conclude that Benavides-Guzman was provided such an opportunity. His due process argument "merely recasts his abuse-of-discretion argument ... and can be denied for the reasons already stated." Khan, 448 F.3d at 236. Benavides-Guzman cannot show that he has been prejudiced by the IJ's denial of his postponement motion because there is

6

no evidence as to when, if ever, the denial of his wife's visa petition might be appealed, let alone reversed. See Singh, 432 F.3d at 541 (to prevail on due process claim alien must show substantial prejudice).

We will deny the petition for review.