[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2011
JOHN LEY
CLERK

No. 10-13780
Non-Argument Calendar
_____

Agency No. A089-531-657


JAYOUN MIN SHEEHAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 21, 2011)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jayoun Sheehan, a native and citizen of South Korea, seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her request for a continuance of her removal proceedings, pursuant to 8 C.F.R. § 1003.29. On appeal, Sheehan argues that the IJ abused her discretion when she denied Sheehan's request to continue the removal proceedings to allow the United States Citizenship and Immigration Services ("USCIS") time to complete the adjudication of the second I-130 visa petition that Sheehan's adoptive mother had filed on her behalf.[1]

Sheehan was adopted by her U.S. citizen maternal aunt, Chong Ok Sheehan, in September 2005. In June 2007, Sheehan's adoptive mother submitted a I-130 Petition seeking a visa for Sheehan as her adopted child. USCIS denied the I-130 in March 2008 on the basis that Sheehan had not established that her adoptive mother had exercised primary parental control and authority over her for two years as required by law. The decision cited to numerous pieces of evidence that USCIS asserted demonstrated that Sheehan's natural parents had not relinquished primary

---

[1] We have jurisdiction to review an IJ's decision to deny a motion to continue a removal hearing. *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1360-62 (11th Cir. 2006). Additionally, when the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision, in which case we review the IJ's decision as well. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Thus, to the extent that the BIA agreed with the IJ's reasons for not granting Sheehan a continuance of her removal proceedings, we review both the BIA's and IJ's decisions.

control over her and also explained that facts pertinent to the adjudication of the I-130 Petition had been concealed by the adoptive mother, thereby placing doubt on the reliability of all evidence submitted in support of the I-130 Petition. The decision stated that the I-130 Petition and supporting documentation had not established that Sheehan's adoption was anything but an ad hoc adoption meant to circumvent the immigration laws. Sheehan did not appeal the denial of the I-130 Petition. She was placed into removal proceedings by the Department of Homeland Security ("DHS"). Sheehan conceded that she was removable but requested a continuation of the proceedings on the basis that her adoptive mother had filed a second I-130 on her behalf that showed she met the two year residence requirement. The IJ denied Sheehan's request for a continuance finding that she was not *prima facie* eligible for the approval of her second I-130 for the reasons given by USCIS in its decision on Sheehan's original I-130.

We review an IJ's decision to deny a motion for a continuance for an abuse of discretion. *Haswanee v. U.S. Att'y Gen.*, 471 F.3d 1212, 1214 (11th Cir. 2006). "Judicial review of denials of discretionary relief incident to [removal] proceedings . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or

capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation marks omitted).

Under the Immigration and Nationality Act ("INA"), a petitioner must file a I-130 visa petition on behalf of an alien-beneficiary, the purpose of which is "to establish that there is a legal relationship between the petitioner and the beneficiary of the I-130, such that the beneficiary is entitled to apply for a change or adjustment of status based on that legal relationship." *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1194 n.6 (11th Cir. 2008).[2] According to the BIA, an I-130 petition filed on behalf of a U.S. citizen's immediate relative can be approved if the petitioner establishes: 1) her U.S. citizenship; 2) the *bona fides* of the claimed relationship with the beneficiary; and 3) that the family relationship meets the statutory requirements. *Matter of Hashmi*, 24 I. & N. Dec. 785, 789 (BIA 2009) (citing 8 C.F.R. §§ 204.1-204.2 (2008)). For purposes of determining whether an individual is eligible for an immigrant visa as an immediate relative, the term "immediate relative" includes "children, spouses, and parents of a citizen of the United States." 8 U.S.C. § 1151(b)(2)(A)(i). With regard to an adopted

---

[2] Under the INA, the Attorney General has the discretion to adjust the status of an alien to that of a lawful permanent resident "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to [her] at the time [her] application is filed." INA § 245(a), 8 U.S.C. § 1255(a).

child, the term "child" means a person under the age of twenty-one who was "adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years." 8 U.S.C. § 1101(b)(1)(E)(i).

An IJ may grant a continuance "for good cause shown," 8 C.F.R. § 1003.29, and in the context of a beneficiary, like Sheehan, who has requested a continuance while awaiting the adjudication of an I-130 petition, we have stated that "'discretion should, as a general rule, be favorably exercised where a *prima facie* approvable visa petition and adjustment application have been submitted in the course of a deportation hearing . . . .'" *Bull v. I.N.S.*, 790 F.2d 869, 872 (11th Cir. 1986) (quoting *In re Garcia*, 16 I. & N. Dec. 653, 655, 657 (BIA 1978)). We further recognized that this is not intended to be "an inflexible rule requiring the immigration judge in all cases to continue deportation proceedings." *Id.* at 872 (quoting *Garcia*, 16 I. & N. Dec. at 657). "It clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance . . . upon his determination that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition." *Id.*

Here, we cannot say that the IJ abused her discretion to deny Sheehan's request for a continuance by relying on USCIS's decision on Sheehan's original I-130 Petition to determine that Sheehan failed to establish *prima facie* eligibility for the approval of her second I-130. Although USCIS denied the first I-130 on the basis that Sheehan did not meet the two year residency requirement for an adopted child, it reached that conclusion based on its finding that Sheehan's natural parents had not relinquished primary control of her and that the adoption was potentially a sham. Sheehan did not challenge USCIS's findings regarding the legitimacy of her adoption by appealing the denial of her first I-130, thus we cannot say that the IJ abused her discretion in crediting the findings and conclusions in that decision as they pertained to Sheehan's *prima facie* eligibility for her second I-130 visa petition.[3]

**PETITION DENIED.**

---

[3] Moreover, the BIA has stated that "Congress did not by its definition intend to recognize ad hoc adoptions entered into to circumvent immigration laws," and noted that adoptions, like marriages, may be entered into simply to facilitate entry into the United States. *Matter of Marquez*, 20 I. & N. Dec. 160, 163 (BIA 1990). The BIA has further concluded that an IJ can look into the bona fides of an adoption to determine whether it was a "sham" even if the adoptive child and adoptive parent meet the age, legal custody, and residency requirements. *Id.* at 163-65.