NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3653
_____

VICTOR PACHECO,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089-006-068
(U.S. Immigration Judge: Honorable Frederic Leeds)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2011
Before:  SCIRICA, BARRY and VANASKIE, *Circuit Judges*.

(Filed: May 4, 2011)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

        Victor Pacheco, an Ecuadorian citizen, petitions for review of the Board of

Immigration Appeals' (BIA) order dismissing the appeal of an Immigration Judge's

refusal to grant a sixth continuance in his removal proceedings.  We will affirm the BIA's

order and deny Pacheco's petition for review.

## I.

Pacheco entered the United States without inspection in 2001 at the age of fourteen. While living and working illegally in New Jersey, he formed a relationship with a United States citizen, Stephanie Cruz, who was then a ward of the state. Pacheco fathered a child by Cruz. Cruz, who was seventeen years old at the time, gave birth to the child in 2008.

On December 30, 2008, the Department of Homeland Security served Pacheco with a Notice to Appear charging him with being subject to removal because he was an alien present in the United States who had not been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). He was taken into federal immigration detention. Subsequently, the State of New Jersey began proceedings to terminate the parental rights of Pacheco and Cruz, in part because Cruz was a minor who was herself a ward of the state.

Pacheco first appeared before the immigration court on January 12, 2009. At that time, he was granted a continuance to obtain counsel. He again appeared before the immigration court without counsel on February 2, 2009, and requested an additional continuance to obtain counsel, which the immigration judge granted. He subsequently obtained counsel, who conceded removability on February 23, 2009, but requested and was granted four more continuances to investigate options for relief from removal.

Pacheco's counsel noted as early as March 16, 2009, that Pacheco intended to apply for discretionary parole. But neither Pacheco nor his counsel took any affirmative action to file an application. On April 13, 2009, Pacheco and counsel again appeared

2

before the IJ and requested yet another continuance to apply for discretionary parole into the United States. *See* 8 U.S.C. § 1182(d)(5)(A).

During the April hearing, Pacheco contended he might be eligible for discretionary parole, explaining his circumstances may comprise "urgent humanitarian reasons or significant public benefit," within the meaning of the Immigration and Nationality Act (INA) § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A). According to Pacheco, if he were granted parole, he could marry Cruz, which could subsequently form the basis of an application for adjustment of status under INA § 245(a), 8 U.S.C. § 1255(a), entitling him to relief from removal. The IJ, taking into account Pacheco's parental rights, noted the situation was "sympathetic," but denied the request for a continuance because Pacheco conceded removability and conceded he had no relief immediately available to him, and because the Department of Homeland Security indicated through counsel it would not exercise its discretion if Pacheco were to apply for parole. The BIA dismissed the appeal, discussing the IJ's decision and noting among other factors that six prior continuances had been granted in the case.

Pacheco applied for a stay of removal, which we granted, and he now timely petitions for review of the BIA's decision.[1]

## II.

As a threshold matter, we address the government's contention that we lack jurisdiction to hear two of Pacheco's arguments. The government contends Pacheco

---

[1] We have jurisdiction to review final orders of removal under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1).

3

failed to exhaust two issues: (1) that the IJ and the BIA failed to adequately consider his parental rights, including the termination of parental right proceedings, when denying the request for a continuance to apply for discretionary parole; and (2) that the IJ and the BIA failed to adequately consider his parental rights as an independent basis for a continuance even absent any available relief from removal.

We have interpreted INA's administrative exhaustion provisions, *see* 8 U.S.C. § 1252(d)(1), to require a petitioner to have exhausted an issue below in order to raise it on appeal. *See Lin v. Att'y Gen.*, 543 F.3d 114, 120 (3d Cir. 2008). But we have explained "[o]ur 'liberal exhaustion policy' . . . instruct[s] that the notice of appeal [to the BIA]" need only set forth "sufficient facts and law to inform the BIA of the basis for the appeal." *Hoxha v. Holder*, 559 F.3d 157,163 (3d Cir. 2009).

In his notice of appeal to the BIA, Pacheco raised only the IJ's determination there was no relief from removal available to him and he was not then eligible for adjustment of status.[2] In his brief submitted to the BIA, he explained the factual circumstances of the case, including that his daughter was in the custody of the New Jersey Division of Youth and Family Services and termination of parental right proceedings were ongoing. He then contended that the IJ abused his discretion by denying the continuance without providing additional opportunities to file for discretionary parole. Specifically, Pacheco

---

[2] We note in the notice of appeal to the BIA Pacheco specifically asserted the conditional parole conferred by making a bond payment contemplated by INA § 236, 8 U.S.C. § 1226(a)(2), would constitute a "parole[] into the United States" sufficient for adjustment of status under INA § 245, 8 U.S.C. § 1255(a). Pacheco does not raise this argument on appeal, but we recently held a conditional parole is not a "parole[] into the United States"

4

argued he wished to file for relief based on "urgent humanitarian reasons" or on the basis that the parole would yield "significant public benefit," *see* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(b), but the government attorney denied the unfiled request without having the legal authority to do so.

Based on the notice of appeal and brief submitted to the BIA, Pacheco's first contention, that his parental rights were not adequately considered in relation to his request for a continuance to file for discretionary parole, was exhausted below because his "application made the Board aware of what issues were being appealed." *Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005). Reference to the conditions for discretionary parole combined with an explanation of Pacheco's situation was sufficient to preserve the issue for appeal. Accordingly, we have jurisdiction to reach this issue.

Conversely, Pacheco's second contention, that his parental rights form a sufficient independent basis justifying a continuance even in the absence of available relief from removal, was not exhausted below. The notice of appeal and brief discuss only discretionary parole arguably available to Pacheco. He now contends that his parental rights at stake in the termination of parental rights proceedings are an "extraordinary circumstance" that may justify an open-ended grant of a continuance even in the absence of a pending visa petition. *See Khan v. Att'y Gen.*, 448 F.3d 226, 234 (3d Cir. 2006). The bare fact that Pacheco's parental rights were noted in his brief was insufficient to adequately inform BIA of this issue. Although we employ a liberal exhaustion policy, a

---

enabling adjustment of status under INA § 245, 8 U.S.C. § 1255(a). *See Delgado-Sobalvarro v. Att'y Gen.*, 625 F.3d 782, 787 (3d Cir. 2010).

petitioner who places the BIA on notice of certain facts will not be given the benefit of all legal arguments that could possibly be supported by those facts. Here, Pacheco failed to exhaust the argument that his parental rights form an independent and sufficient basis for a continuance absent any available relief from removal. Accordingly, we do not have jurisdiction to reach this issue.

### III.[3]

Pacheco contends the IJ abused his discretion in two interrelated ways. First, he argues the DHS counsel purported to deny his yet-to-be-filed application for discretionary parole, and the IJ treated counsel's statements as an authoritative denial of parole. Second, and related, he argues the IJ and the BIA did not give adequate consideration to his parental rights, which he contends formed a strong basis for his potential application for discretionary parole. These arguments lack merit.

As discussed, Pacheco's contentions turn on the availability of discretionary parole which could enable him to apply for adjustment of status if Cruz were to marry him. Aliens who have entered without inspection are eligible for discretionary parole

---

[3] An IJ may, "grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Accordingly, we review the denial of a request for a continuance for an abuse of discretion. *See Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006). An abuse of discretion occurs when a decision is arbitrary, irrational, or contrary to law. *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994). We have emphasized "[t]he question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003) (quotation omitted). Where, as here, the BIA "adopts the findings of the IJ and discusses some of the bases for the IJ's decision," we review the decisions of both the IJ and the BIA. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

into the United States under INA §212(d)(5)(A) which is granted "on a case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. 1182(d)(5)(A).[4] The Attorney General may adjust the status of an alien "paroled into the United States . . . to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." INA §245(a), 8 U.S.C. §1255(a). A United States citizen may file an I-130 petition with DHS on behalf of an alien who is an "immediate relative"—including a spouse. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1). The alien must concurrently or later file an application for adjustment of status. 8 U.S.C. § 1255(a)(1); 8 C.F.R. § 245.1(a). If the marriage occurs after the onset of removal proceedings, an alien is

---

[4] Such parole "would generally be justified only on a case-by-case basis" for aliens within the following groups:

> (1) Aliens who have serious medical conditions in which continued detention would not be appropriate;
>
> (2) Women who have been medically certified as pregnant;
>
> (3) Aliens who are defined as juveniles in § 236.3(a) of this chapter . . . .
>
> (4) Aliens who will be witnesses in proceedings being, or to be, conducted by judicial, administrative, or legislative bodies in the United States; or
>
> (5) Aliens whose continued detention is not in the public interest as determined by those officials identified in paragraph (a) of this section.

8 C.F.R. § 212.5(b).

ineligible for adjustment of status unless he or she establishes the marriage is bona fide. 8 C.F.R. § 245.1(c)(8)(iii)(F).

Before the IJ, the government explained that Pacheco had not filed an application for discretionary parole and there was no relief from removal within the IJ's jurisdiction. The IJ engaged in a colloquy with DHS counsel asking about the likelihood Pacheco would be granted parole. When asked directly whether he could make a ruling on discretionary parole on the spot, DHS counsel stated, "[n]ot right off the top, Judge." When the IJ later asked DHS counsel how long a determination would take, he responded "I can't tell you." As the colloquy progressed, DHS counsel later opined, "DHS/ICE will not agree to parole [Pacheco] in."

Subsequently, the IJ noted during the hearings that the government "says this is no different than all the other EWI scenarios they have. So, there's nothing compelling about it . . . ." In his oral opinion issued from the bench, the IJ summed up by stating "[t]he Department of Homeland Security has indicated they will not exercise [their] discretion [to parole the petitioner in]," and further, that "the Department of Homeland Security has chosen not to exercise its discretion." Pacheco points to this as evidence that the IJ and BIA erred as a matter of law by taking counsel's word as a purportedly authoritative denial of discretionary relief when counsel did not have the authority to make such a determination.

This gets the cart before the horse—despite six prior continuances, Pacheco had not yet requested discretionary relief when the IJ denied an additional continuance. DHS counsel could not and did not purport to rule on an application that had not been filed.

8

We read the colloquy in its entirety as DHS counsel opining on the likelihood Pacheco would be granted discretionary relief under the criteria set forth in 8 C.F.R. § 212.5(b) should he later apply. It was within the IJ's discretion to consider this factor in declining to grant an additional continuance. *See Hashmi v. Att'y Gen.*, 531 F.3d 256, 261 (3d Cir. 2008) (suggesting an IJ's determination an application was likely to be denied could support an IJ's denial of a continuance); *cf. In re Garcia*, 16 I. & N. Dec. 653, 657 (BIA 1978) (noting it would be within an IJ's discretion to deny a request for a continuance if he believes an adjustment application would be denied in the exercise of discretion), *modified on other grounds as recognized in In re Arthur*, 20 I & N. Dec. 475 (BIA 1992).

Pacheco also contends the IJ and the BIA abused their discretion in denying a continuance because they failed to take his parental rights into account.[5] As a preliminary matter, the IJ appears to have considered Pacheco's parental rights when he noted in his opinion he was "sympathetic" to Pacheco and Cruz. But more importantly, the relevance Pacheco accords these rights—that they could have made him eligible for discretionary parole—obscures the fact that he failed to seek discretionary parole despite ample opportunity to file an application. The IJ and the BIA faced "only the speculative possibility that at some point in the future," *Khan*, 448 F.3d at 235 (quotation omitted), Pacheco might apply for parole, parole might be granted enabling him to marry Cruz if she were willing, who could then file for an I-130 enabling Pacheco to apply for an adjustment of status. Moreover, the IJ had before him statements by DHS counsel

---

[5] Petitioner explicitly raises this as a matter of administrative procedure, disavowing any constitutional claim. Reply Br. for Pet'r at 7.

indicating that Pacheco's circumstances would not normally be grounds for discretionary parole. We have explained that denial of a continuance request "is squarely within the IJ's broad discretion" when " an alien has failed to submit a visa petition." *Khan*, 448 F.3d at 234. Here, absent prima facie eligibility to adjust, and given the unlikelihood of Pacheco being granted discretionary parole, the IJ acted well within his discretion in denying the continuance. BIA discussed these reasons and dismissed the appeal. Accordingly, neither the IJ nor the BIA abused its discretion.

## IV.

For the foregoing reasons, we will affirm the BIA's order and deny the petition for review.