[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11300
Non-Argument Calendar
_____

Agency No. A096-793-751

KARENE LORN DAVIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 11, 2016)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Karene Lorn Davis, a native and citizen of Jamaica, seeks review of a final order of the Board of Immigration Appeals affirming an immigration judge's order of removal.  On appeal, Ms. Davis argues, first, that the BIA abused its discretion by affirming the immigration judge's denial of a continuance.  In addition, Ms. Davis argues that the immigration judge's denial of a continuance deprived her of her constitutional right to due process, rendering the removal proceeding fundamentally unfair.  Finally, she contends that the BIA erred by upholding the immigration judge's failure to grant a motion to terminate or administratively close her proceeding.

After thorough review of the administrative record and the parties' briefs, we deny the petition for review.

## I

We assume the parties are familiar with the background of this case.  Thus, we summarize the proceedings and facts only insofar as necessary to provide context for our decision.

Ms. Davis entered the United States through Miami, Florida, on February 11, 2005, as a nonimmigrant H-2B nonagricultural temporary worker with authorization to remain in the United States until December 1, 2005.  *See* 8 U.S.C. § 1101(a)(15)(H)(ii)(b).  On February 6, 2006, Ms. Davis married Rudolph Brooks, who on March 30, 2006, filed a Form I-130 Petition for Alien Relative on

her behalf.  Mr. Brooks later withdrew the I-130 petition, stating that "[he] entered into [the] marriage solely for the purpose of circumventing the [U.S.] immigration laws."  He also submitted a sworn statement indicating that he had married Ms. Davis in exchange for two cash payments totaling $2000 so that she could obtain permanent-resident status.  On June 28, 2007, Ms. Davis and Mr. Brooks divorced.

On April 9, 2009, Ms. Davis married her current husband, Kevin Orlando McPherson, who filed two I-130 petitions on her behalf.  Both were denied based on the previous finding of Ms. Davis' marriage fraud under § 204(c) of the Immigration and Nationality, 8 U.S.C. § 1154(c).  The first I-130 denial was appealed to the BIA, which dismissed the appeal.

In the instant removal proceeding, Ms. Davis conceded her removability for overstaying her visa, but submitted new evidence of her prior marriage's validity, including an affidavit from her first husband, Mr. Brooks, indicating that he had married her for the "right" reasons and explaining that the payment he had received was for immigration filing fees for Ms. Davis and her two children.  Ms. Davis requested a continuance for the refiling of an I-130 petition on her behalf, which the immigration judge denied because, among other things, there was no then-pending I-130 petition and her current husband's first two I-130 petitions had already been denied.

## II

3

We review the conclusions of law of the immigration judge and the BIA *de novo*, while reviewing findings of fact for substantial evidence. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). We review the denial of a motion for a continuance for abuse of discretion. *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008). "When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the [immigration judge's] decision." *Id.* Here, the BIA issued its own decision, affirming the immigration judge's denial of Ms. Davis' motion to continue and terminate the removal proceedings. We therefore review the BIA's decision.

An immigration judge may grant a motion to continue removal proceedings "for good cause shown." 8 C.F.R. § 1003.29. "Judicial review of denials of discretionary relief incident to [removal] proceedings . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

In the context of a petitioner requesting a continuance while awaiting adjudication of an I-130 petition, we have stated that "'discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a [removal] hearing . . . .'" *Bull v. INS*, 790 F.2d 869, 872 (11th Cir. 1986) (quoting *In Re*

4

*Garcia,* 16 I. & N. Dec. 653, 655, 657 (BIA 1978)).  But we further quoted the

BIA's opinion in *Garcia* to explain that this standard was not establishing

> . . . an inflexible rule requiring the immigration judge in all cases to
> continue [removal] proceedings . . . .  It clearly would not be an abuse
> of discretion for the immigration judge to summarily deny a request
> for a continuance or a motion to reopen upon his determination that
> the visa petition is frivolous or that the adjustment application would
> be denied on statutory grounds or in the exercise of the discretion
> notwithstanding the approval of the petition.

*Id.* at 872 (quoting *Garcia*, 16 I. & N. Dec. at 657).

The BIA has concluded that *Garcia* focused on the likelihood of success of a

current visa petition on the merits.  *See In re Hashmi*, 24 I. & N. Dec. 785, 789

(BIA 2009).  When deciding whether to grant a continuance, therefore, the

immigration judge may consider whether past I-130 petitions were denied, and any

evidence of potential fraud.  *Id.* at 791-92.

Ms. Davis argues, first, that the BIA abused its discretion by affirming the

immigration judge's denial of a continuance even though she did not have an

active I-130 petition pending.  We disagree.  The BIA did not abuse its discretion

by affirming the immigration judge's denial of Ms. Davis' motion for a

continuance so that her current husband could refile his third I-130 petition on her

behalf.  Specifically, (1) there was no pending I-130 petition at the time of her

motion; (2) the denial of two prior I-130 petitions filed on her behalf—based on a

previous finding of marriage fraud by Ms. Davis and an unsuccessful BIA

5

appeal—suggested that any future I-130 petition was unlikely to be approved; and (3) despite her proffered new evidence in support of a future I-130 petition, the existing evidence of her past marriage fraud indicated that such a petition was unlikely to succeed.

## III

We review constitutional challenges *de novo*. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).

We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). We lack jurisdiction to "consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006).

Ms. Davis argues that the immigration judge's denial of a continuance deprived her of constitutional right to due process, rendering her removal proceeding fundamentally unfair. We, however, lack jurisdiction to review Ms. Davis' due process claim because as far as we can tell from the record, she did not raise this claim before the BIA. In her notice of appeal to the BIA, Ms. Davis did not list this claim in her reasons for appeal. She did, however, indicate that she would file a separate written brief or statement with the BIA. Whether this brief or

6

statement was actually filed is unknown to us, as it is missing from the record.  The BIA decision is also silent as to a procedural due process claim, which leads us to the conclusion that Ms. Davis is raising this issue for the first time in her petition to this Court.    Procedural due process claims are subject to the exhaustion requirement of § 242(d)(1) of the INA, 8 U.S.C. § 1252(d)(1), which is jurisdictional.  *See Amaya-Artunduaga*, 463 F.3d at 1251.  We conclude that this claim has not been exhausted, and we therefore dismiss the constitutional due process claim for lack of jurisdiction.

## IV

We defer to the BIA's interpretation of immigration statutes and regulations if that interpretation is reasonable and does not contradict Congress' clear intent. *See Silva v. U.S. Atty. Gen.*, 448 F.3d 1229, 1243 (11th Cir. 2006).

Immigration regulations provide that an immigration judge "may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors."  8 C.F.R. § 1239.2(f).

According to the BIA, an immigration judge may order the administrative closure of a removal proceeding, which is "a tool used to regulate proceedings, that is, to manage an immigration judge's calendar." *In re Avetisyan*, 25 I. & N. Dec.

7

688, 694 (BIA 2012). An administrative closure temporarily removes a case from the immigration judge's active calendar in order to await an action or event "that is relevant to [the] immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time." *Id.* at 695. In considering whether administrative closure is appropriate, the BIA considers a non-exhaustive list of factors, including:

> (1)the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal proceedings (for example, termination of the proceedings or entry of a removal order) when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board.

*Id.* at 696.

We reject Ms. Davis' assertion that the immigration judge erred by not granting a motion to terminate her removal proceedings or administratively close her proceeding. The record does not reflect that any such motion was submitted to the immigration judge. The record reflects that there was a discussion of a motion to terminate that was delivered to the government, but the government would not agree to the motion because it contested Ms. Davis' I-130 eligibility. The only motion that was before the immigration judge was the motion for a continuance, as

8

discussed earlier.  Because the immigration judge did not have the authority to determine Ms. Davis' eligibility for naturalization and Ms. Davis did not make a motion to terminate or close the removal proceedings, there was no reasonable error.

## V

For the reasons stated above, we deny Ms. Davis' petition for review of the BIA's order affirming the immigration judge's order of removal.

**PETITION DENIED.**