[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11620

_____

Agency No. A095-915-511

OLIVIA TOMAY-HART,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 7, 2019)

Before MARTIN, ROSENBAUM, and BOGGS,∗ Circuit Judges.

BOGGS, Circuit Judge:

---

∗ Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation.

This marriage-based immigration case arises from a visa petition for an immediate relative (I-130 petition) filed in 2001 by a United States citizen, Nigel Hart, on behalf of his non-citizen wife, Olivia Tomay-Hart, and her corresponding application for adjustment of status (AOS) to become a lawful permanent resident (I-485 application).  During the couple's interview with United States Citizenship and Immigration Services ("USCIS"), questions arose regarding the paternity of the couple's second child, Hersof.  DNA testing was ordered and revealed that Mr. Hart was not Hersof's biological father.   In 2009, the USCIS denied Tomay-Hart's AOS application based on the paternity issue.  In 2014, Tomay-Hart was placed in removal proceedings before an immigration judge, who denied Tomay-Hart's motions for cancellation of removal and voluntary departure and issued an order of removal.  Tomay-Hart appealed to the Board of Immigration Appeals (BIA), moving for a remand for consideration of new evidence, which was that she was now eligible for AOS based on a new I-130 petition filed by her now-adult son, Exodo, who is a United States citizen.  The BIA dismissed Tomay-Hart's appeal and denied her motion to remand to the IJ.  Tomay-Hart filed this petition for review, challenging the BIA's dismissal of her claim.

## I.    FACTS AND PROCEDURAL HISOTRY

Petitioner, Olivia Tomay-Hart, a 53-year-old Mexican national, entered the United States without admission or parole in March 1993.  Since entering, she has

never departed the United States.  She has no criminal record.  On April 30, 2001, Tomay-Hart married a United States citizen, Nigel Hart, in Atlanta, Georgia.  That same day, Hart filed an I-130 visa petition for an immediate relative on her behalf, and Tomay-Hart filed an I-485 Application for Lawful Permanent Residency, also known as an application for AOS.[1]  Tomay-Hart and her husband claimed two United States citizen children, Exodo and Hersof.  During USCIS interviews when Hersof was 2 or 3 years old, his paternity came into question.  USCIS ordered DNA testing and it was discovered that Hart was not Hersof's biological father.  In September 2009, USCIS denied Tomay-Hart's I-485 adjustment of status application over concerns as to the bona fides of the marriage, based largely on Hersof's paternity.

In January 2010, DHS sent Tomay-Hart a Notice to Appear (NTA) for removal proceedings in immigration court for being an alien present in the United States without admission or parole, pursuant to INA § 212(a)(6)(A)(i)(I), 8 U.S.C. § 1182(a)(6)(A)(i)(I).  Tomay-Hart moved for cancellation of removal and voluntary departure.

---

[1] Aliens who enter the United States without inspection are generally ineligible to seek adjustment of status.  *See* 8 U.S.C. § 1255(a). Section 245(i) of the Immigration Nationality Act (INA), 8 U.S.C. § 1255(i) is a statutory exception to that bar.  It was initially added to the INA in 1994, permitting aliens who entered without inspection to pay a fine for the convenience of adjusting without having to leave the United States.  This date was extended several times, ultimately to April 30, 2001, the date of Tomay-Hart's marriage.  Section 245(i) has now expired except as it applies to those foreign nationals who are "grandfathered' under Section 245(i).  *See* 8 U.S.C. § 1255(i); 8 C.F.R. §1245.10.

In September 2014, the IJ entered an order of removal and denied her cancellation of removal on grounds that she was unable to prove the requisite exceptional and extremely unusual hardship to her qualifying relatives, i.e., her mother and her two sons. Specifically, the IJ noted that her two United States citizen sons were now in college and high school and that her mother, a lawful permanent resident (LPR) who lived with Tomay-Hart and had medical conditions, could rely on care from Tomay-Hart's two LPR sisters, who also lived in Atlanta.

In addressing Tomay-Hart's moral character, the IJ held that Tomay-Hart "did not intentionally mislead" and did not "intentionally deceive the INS officer or present false testimony intentionally, given that she did not know herself, the exact paternity of her child. The IJ reasoned that Tomay-Hart could not have explained the paternity of her child at her AOS interview, as she only learned who the father was after the DNA testing was performed at the request of USCIS.

Tomay-Hart appealed to the BIA in October 2014. *See* 8 C.F.R. §1003.1(b)(3). In December 2015, the BIA ordered the case administratively closed based on prosecutorial discretion, as Tomay-Hart had not been charged with or convicted of a criminal offense. In January 2017, President Trump issued an Executive Order broadening immigration enforcement priority to include individuals subject to a final order of removal who had not departed from the United States. *See* Exec. Order No. 13768, 82 Fed. Reg. 8799 (Jan. 25, 201).

4

With Tomay-Hart's case once again an enforcement priority, DHS filed a motion to re-calendar her removal case in December 2017. Tomay-Hart did not oppose DHS's motion to re-calendar, but did appeal the IJ's denial of cancellation of removal and asked for a remand to hear further evidence regarding hardship, specifically a letter from her ex-husband explaining that he left the marriage because he was upset about paternity and that their marriage had been real. Tomay-Hart also filed a motion to consider new evidence, which the BIA properly construed as a motion to remand to the IJ for consideration of new evidence, *see* 8 C.F.R. § 1003.2(c), on grounds that she was now eligible for AOS based on a pending I-130 visa petition that had been filed on her behalf by her now-adult-child and United States citizen son, Exodo.

On March 20, 2018, the BIA denied Tomay-Hart cancellation of removal, affirming the IJ's holding that there was insufficient evidence to establish that removal would result in exceptional and extremely unusual hardship to a qualifying relative (i.e., her sons and mother). *See* INA § 240A(b)(1)(D). The BIA also denied her motion to remand for consideration of new evidence, holding that Tomay-Hart "has not shown that she is eligible for adjustment of status because there is no indication that an immigrant visa is immediately available to her since the visa petition filed by her son remains pending. Section 245 of the Act, 8 U.S.C. § 1255." This was the only reasoning provided by the BIA for

5

denying her motion to remand based on her claimed ability to now obtain AOS.

Tomay-Hart filed a petition for review with this court.

## II.  STANDARD OF REVIEW

This court reviews conclusions of law of the BIA de novo and reviews

findings of facts for substantial evidence.  *Kazemzadeh v. U.S. Att'y Gen*, 577 F.3d

1341, 1350 (11th Cir. 2009).  When the BIA issues an opinion, we review only that

decision except where the BIA expressly adopts the immigration judge's decision.

*Chacku v. U.S. Att'y Gen*., 555 F.3d 1281, 1285 (11th Cir. 2008).  When the BIA is

considering a motion to remand, if the motion "seeks to introduce new evidence

that has not previously been presented, it is generally treated as a motion to reopen

under 8 C.F.R. §3.2(c)."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1301 (11th Cir.

2001) (citations omitted).  We "employ a very deferential abuse of discretion

standard in reviewing the BIA's decision on a motion to reopen . . . ."  *Id*. at 1302.

Finally, we "defer to the BIA's interpretation of immigration statutes and

regulations if that interpretation is reasonable and does not contradict Congress'

clear intent."  *Davis v. U.S. Att'y Gen*., 638 F. App'x 863, 867 (11th Cir. 2016)

(citation omitted).  We review legal error, including claims that the BIA did not

provide reasoned consideration of its decision, de novo.  *Bing Quan Lin v. U.S.

Att'y Gen*., 881 F.3d 860, 872 (11th Cir. 2018).

While the BIA is not required to "address specifically each claim the petitioner made or each piece of evidence the petitioner presented," it must consider the issues raised and announce its decision "in terms sufficient to enable a reviewing court to perceive" that it "heard and thought and not merely reacted." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (internal quotation marks omitted).

### III.  DISCUSSION

The dispositive question is whether the BIA properly denied Tomay-Hart's motion to reopen on grounds that "there is no indication that an immigrant visa is immediately available to her since the visa petition filed by her son remains pending."  The answer is no.  This court specifically addressed this question in *Bull v. INS*, 790, F.2d 869, 871 (11th Cir. 1986), which held that in the context of a motion to continue, the fact that a petition for an immigrant visa (I-130) had not yet been approved at the time the motion was filed was not sufficient reason to deny the continuance.  *Bull*, 790 at 872.  *Bull* held that "discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen." *Ibid*.

The BIA itself proscribes "the deportation of a beneficiary of an unadjudicated visa petition."  This ruling is based on underlying immigration

7

policy that allows "a prima facie qualified beneficiary of a visa petition to remain in the United States pending final adjudication of the petition and adjustment application" even if the beneficiary is indisputably deportable, unless the visa petition is frivolous or adjustment of status would be denied on statutory grounds. *Matter of Garcia*, 16 I & N. Dec. 653, 656-57 (BIA 1978).  Under both *Garcia* and *Bull*, the BIA erroneously denied Tomay-Hart's motion to reopen because her son's I-130 petition was still pending and "remains open."

Both parties argue the merits regarding the viability of the son's  I-130 petition and whether it is grandfathered under INA §245(i).  The BIA failed to address the merits and our review is "limited to the issues actually decided by the BIA." *Pierre v. U.S. Att'y Gen.*, 2018 U.S. App. LEXIS 30866, (11th Cir. 2018) *(citing I.N.S. v. Ventura*, 537 U.S. 12, 16-17 (2002): *Lopez v. U.S. Att'y Gen.,* 504 F.3d 1341, 1344 (11th Cir. 2007).  Where the BIA "has failed to give reasoned consideration to issues or make adequate findings," we must remand for further proceedings because we are unable to review the decision.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010), *Mezvrishvili v. U.S. Att'y Gen.*, 467 F.3d 1292, 1295 (11th Cir. 2006).

While we cannot decide the viability of the I-130 petition, we can give guidance on what law should be applied on remand.  To determine if a visa petition is grandfathered, the original visa petition "must have been approvable when filed,

which is defined by regulation as a petition  that is: 1) 'properly filed,' 2) 'meritorious in fact,' and 3) 'non frivolous.'"  *Matter of Butt* 26 I. & N. Dec. 108, 111( BIA 2013) (quoting 8 CFR §§ 245.10(a)(1)-(3)); *see also Matter of Ilic*, 25 I. & N. Dec. 717, 718 (BIA 2012);  *Matter of Legaspi*, 25 I. & N. Dec. 328, 329 (BIA 2010).  "Properly filed" is defined in the regulations as a complete visa petition application was timely received by USCIS on or before April 20, 2001.  8 C.F.R. §§ 245.10(a)(2)(i).  It is undisputed that Mr. Hart's I-130 petition was "properly filed."

"Meritorious in fact" is not defined by the regulations but has been interpreted by the BIA as requiring that the underlying marriage be "bona fide at its inception."  *Butt* at 114. This is

> consistent with the history of section 245(i) of the Act, which was aimed at protecting those who "'had *legitimate* visa applications on file before the more restrictive amendment came into force,' rather than giving applicants a 'second bite at the apple,'" where no such legitimate interest previously existed.  *Linares Huarcaya v. Mukasey*, 550 F.3d at 230 (quoting *Echevarria v. Keisler*, 505 F.3d 16, 19-20 (1st Cir. 2007)).

*Ibid.* (emphasis in original).  Based on the historical purpose of the statute, *Butt* holds that "a subsequent breakdown or change in the relationship supporting the visa petition would not undermine the alien's grandfathered status. See, e.g., 8 C.F.R. §§ 245.10(a)(3)-(4), 1245.10(a)(3)-(4)."  *Butt* at 115.  A visa petition is meritorious in fact if it "merited legal victory" on the day it was filed, "notwithstanding the fact that it may 1) remain unadjudicated at some future date

9

or 2) have been denied, withdrawn, or revoked as the result of subsequent events." *Butt* at 115.  Here, after filing the I-130 petition for his wife, Mr. Hart learned that he was not the biological father of the couple's second son, Hersof.  This post-filing revelation does not necessarily undermine the legitimacy of the marriage and the I-130 petition at the time it was filed.  A visa petition will be deemed "frivolous" only if it was "patently without substance."  8 C.F.R. § 1245.10(a)(3).

The  BIA has long held that "discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted . . . upon a motion to reopen." *Matter of Garcia*, 16 I. & N. Dec. 653, 657 (BIA 1978).   Applying de novo review, we hold that the BIA committed legal error and **REMAND** to the BIA to make legal determinations on the merits of the pending I-130 petition and on whether the original I-130 petition was approvable when filed, consistent with the legal principles set forth herein.